UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-　　　　　　　　　　　　　　　　　　　　　　16-cr-0488 (LAK)

ALONZO VERNON,

        Defendant.
------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/25
```

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

      Defendant was convicted by a jury in 2017 of conspiracy to distribute cocaine base and heroin, using, carrying and possessing a firearm discharged during and in relation to a drug trafficking crime, and possession of ammunition as a convicted felon. Among other things, he met with Kevin Sterling to conduct drug business, knowing that Sterling was carrying guns in his car. He threatened violence to attempt to collect on an alleged drug debt. And, most significantly, he helped Kevin Sterling use violence to attempt to collect that debt. He drove Sterling around the neighborhood as they looked for one Cosme to shoot at him, and once they found him, served as the getaway driver so that Sterling could shoot at Cosme and escape. He was sentenced principally to an aggregate term of imprisonment of 420 months. Defendant's conviction was affirmed by the Court of Appeals. His Section 2255 motion and a certificate of appealability were denied on the merits. His motion for a sentence reduction under USSG Amend. 821 was denied, despite his eligibility for such a reduction, the Court concluding in 2024 that a reduction would not be appropriate in this case because

> "defendant's offense conduct was particularly serious. He was a party to an intended murder in furtherance of a drug distribution conspiracy that caused grievous injury. In addition, defendant has not shown remorse for his actions and has 'manifested [his] disrepect for the legal system.' Last, defendant's record of violence during his incarceration confirms this Court's assessment at sentencing that he is 'a menace' and 'uncommon[ly] . . . dangerous[.]'" Dkt 260, at 2 (footnotes omitted).

      Defendant's motion for compassionate release indicates no change in any of the factors relied upon the Court, which would warrant denial of his motion even assuming he had establishing the existence of extraordinary and compelling circumstances, which he has not. And while the Court notes that defendant put the words "mental health" on his motion, he did so with no explanation or specificity at all. It therefore is entitled to no weight. And, finally, the Court declines

2

to appoint counsel for the compassionate release motion. An important criterion for consideration in evaluating such requests is whether the defendant's clam has a reasonable likelihood to be of substance. *See, e.g., Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir. 1986); *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir. 1989). That is not the case here.

The motion is denied.

SO ORDERED.

Dated:     January 17, 2025

_____
Lewis A. Kaplan
United States District Judge