```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ALONZO VERNON,

                        Movant,

           -against-                              25-cv-2369 (LAK)
                                                  [(S4) 16-cr-488 (LAK)]

UNITED STATES OF AMERICA.

                        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-25-25

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on movant's most recent Section 2255 motion.

*Facts*

*Conviction and Direct Appeal*

        Alonzo Vernon was convicted on April 19, 2017 of (1) conspiracy to distribute cocaine base and heroin, (2) using, carrying and possessing a firearm which was discharged during and in relation to a drug trafficking crime, and (3) being a felon in possession of ammunition. He was sentenced on July 18, 2017 principally to an aggregate term of imprisonment of 420 months. The judgment was affirmed by summary order on March 1, 2019. *United States v. Sterling,* 763 Fed. Apex. 63 (2d Cir. 2019). Certiorari was denied on October 7, 2019. *United States v. Vernon,* 140 S.C. 268 (2019).

*First Section 2255 Motion*

        Vernon filed his initial 2255 motion on September 17, 2020 and amended on November 5, 2020. (D.t.[1] 235, 238) The motion made solely claims of ineffective assistance of counsel. It was denied, substantially for the reasons stated by the government, on December 29, 2020.[2] (D.t. 244) A certificate of appealability was denied and the Court certified that any appeal from its order would not

---

[1] All D.t. references are to the docket in 16-cr-488 (LAK).

[2] The government argued, and the Court agreed, that Vernon had not made any showing that counsel's representation failed to meet constitutionally required standards. The 2255 motion thus was denied on its merits.

be taken in good faith. (D.t. 244)

*Second Section 2255 Motion*

In March 2025,[3] the Court received a handwritten document from Vernon entitled "Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255." The second through fourth and part of the fifth pages that follow the cover page bearing the caption appear to be almost entirely a handwritten copy of the language of the indictment on which Vernon was charged. The first full paragraph on the fifth page and most of the sixth page summarize the trial and some prior proceedings. Near the bottom of the sixth page, beginning with the heading "Statement of Facts," there begins a series of arguments purporting to attack the conviction. This concludes on the bottom of the twelfth page with the words:

> "Wherefore Petitioner prays that this Honorable Court will grant his motion.
>
> "Dated: February 28, 2025"

followed by Vernon's signature. But that is not the end of the document, which continues for two additional pages – the only pages in the document bearing numbers. They are numbered "page 2" ane "page 3" and do not seem to follow or precede any of the other pages of the document, none of which bears page numbers.

*Discussion*

In all the circumstances, it is clear that the filing now before the Court is a second and successive 2255 motion. Accordingly, this Court may not entertain it absent the requisite certification from the Court of Appeals notwithstanding that the motion no doubt is time barred as well. The Clerk shall transfer the motion to the Court of Appeals pursuant to *Liriano*.

SO ORDERED.

Dated:     March 25, 2025

_____
Lewis A. Kaplan
United States District Judge

---

[3] In the interim between the denial of Vernon's first 2255 motion and this filing, he unsuccessfully made motions for sentence reductions that are not relevant for present purposes.